THE STATE OF OHIO, APPELLEE, *v.*
BONELLO, APPELLANT.

(No. 81AP-220—Decided September
29, 1981.)

Mr. Michael Miller, prosecuting attorney, and Ms. Karen L. Martin, for appellee.

Michael F. Colley Co., L.P.A., Mr.

*Frank A. Ray* and *Mr. Eugene Weiss,* for appellant.

McCORMAC, J. Defendant was indicted for three counts of aggravated trafficking of LSD and marijuana, alleged to be selling or offering to sell these controlled substances in an amount equal to or exceeding three times the bulk amount. The charges were first degree felonies calling for actual incarceration of at least seven years. Defendant waived trial to a jury and entered a no contest plea to a lesser included charge of possessing LSD, a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount. That offense constituted a felony of the third degree requiring imposition of a sentence of actual incarceration of eighteen months. Defendant was found guilty of the charge. The other charges were *nolle prosequi* and he was sentenced to two to ten years with actual incarceration of eighteen months to be served. The trial court overruled defendant's motion challenging the constitutionality of the actual incarceration provision of R.C. 2925.03.

Defendant has appealed, asserting the following assignments of error:

"1. The trial court erred in finding the principle of actual incarceration in Section 2925.03 O.R.C. does not violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

"2. The trial court erred in finding that the imposition of a mandatory sentence of actual incarceration under Section 2925.03 O.R.C. does not violate the Eighth Amendment of the United States Constitution.

"3. The trial court erred in finding that the mandatory requirement of actual incarceration does not violate the constitutional requirement of separation of powers."

The facts related by the state at the no contest plea hearing indicated that defendant offered to sell a police officer

and an informant eight hundred "hits" of LSD as well as marijuana. Defendant was arrested in a vehicle which contained 11,200 "hits of acid." According to information related by the state to the court, Bonello was the person who had transported and was selling the LSD.

Defendant did not contest those facts but made a plea for leniency on the basis he had a Bachelor of Arts degree from Ohio University, a Master of Arts degree from Duquesne University and was currently pursuing a Ph.D. degree at the Illinois Institute of Technology and that he had no prior record.

Defendant first argues that the mandatory sentencing provision of R.C. 2925.03 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because there are no mandatory sentencing provisions for persons convicted of other third degree felonies such as abduction, bribery, arson, or gross sexual imposition. That contention is not well taken. The legislature has inherent power to create classifications if such classifications are reasonable and some legitimate state interest is advanced. See *State* v. *Martin* (1958), 168 Ohio St. 37 [5 O.O.2d 293]; *McGinnis* v. *Royster* (1973), 410 U.S. 263. An exercise of the police powers is valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103 [4 O.O.2d 113]. The question of whether the exercise of the police power is unreasonable or arbitrary is committed in the first instance to the legislature and the courts will not invalidate such legislative decisions unless they are clearly erroneous. *Benjamin* v. *Columbus, supra,* paragraph six of the syllabus. The burden is upon the party attacking the legislative classification to demonstrate that it is erroneous and to negate every conceivable basis which might support it. *Madden* v. *Kentucky* (1940), 309 U.S. 83.

There was a reasonable basis for the legislature to segregate drug trafficking from other third degree felonies and to impose a provision for actual incarceration of certain drug law offenders. As the United States Supreme Court has stated, "the comparative gravity of criminal offenses, and whether their consequences are more or less injurious, are matters for the state itself to determine." *Collins* v. *Johnston* (1915), 237 U.S. 502, 510. The General Assembly's conclusion that drug trafficking offenses are serious enough to merit the sanction of a period of actual incarceration was a valid exercise of the legislature's power to classify offenses and assign penalties.

Defendant's first assignment of error is overruled.

Defendant secondly contends that the actual incarceration provided by R.C. 2925.03(C)(4) constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. That contention is frivolous as applied to this defendant.

The Eighth Amendment prohibits only punishment grossly disproportionate to the severity of the crime. *Ingraham* v. *Wright* (1977), 430 U.S. 651. It is generally accepted that punishments prohibited by the Eighth Amendment are limited to torture or other barbarous or degrading punishments unknown at common law and punishments which are so disproportionate to the offense as to shock the moral sense of the community. *McDougle* v. *Maxwell* (1964), 1 Ohio St. 2d 68 [30 O.O.2d 38]. Long terms of imprisonment in drug offense cases have been upheld for much less aggravated offenses than in the instant case. See *State* v. *Chaffin* (1972), 30 Ohio St. 2d 13 [59 O.O.2d 51], where a sentence of twenty to forty years for the sale of marijuana was upheld.

In this case, defendant, a highly educated person, apparently capable of finding productive employment, was selling LSD, a very dangerous drug, in large quantities, with apparently no concern

about the havoc that he had to know that it would inflict upon the lives of users and their families. There is nothing in the record to indicate that defendant had any remorse about his activities at all. His motive was apparently profit. If the sentence imposed upon defendant was disproportionate, it was disproportionate on the low rather than the high side.

Defendant's second assignment of error is overruled.

Defendant finally contends that the General Assembly has violated the constitutional requirement of separation of powers by imposing mandatory sentences and thus, has invaded the powers of the Judicial Branch of the government. That contention is invalid. The legislature has the initial right to provide for sentences, mandatory or otherwise, that are felt to be consistent with the nature of the crime committed. A mandatory incarceration provision does not per se violate the separation of powers, even though it may restrict the sentencing discretion of the trial court.

Defendant's third assignment of error is overruled.

Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and REILLY, J., concur.