OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, James S. Spinelli, appeals the trial court's judgment entry sentencing him for driving under the influence.
On February 23, 1997, appellant operated a vehicle in the Township of Concord and was arrested for driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1). At his initial appearance before the Painesville Municipal Court, appellant entered a plea of not guilty. On March 3, 1997, appellant waived his right to a preliminary hearing and the matter was transferred to the common pleas court.
On April 14, 1997, appellant was indicted by the Lake County Grand Jury for driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), which was a felony of the fourth degree because he had previously been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B). On January 27, 1998, appellant withdrew his former plea of not guilty and entered a plea of "No Contest." The trial court accepted appellant's plea and found him guilty as charged in the indictment. Then, the court referred the matter to the Adult Probation Department for a presentence report and investigation. Appellant filed an "Affidavit of Indigency" on March 13, 1998, prior to his sentencing hearing, in which he claimed that he was indigent and could not pay the mandatory minimum fine of $750 required under R.C. 4511.99(A)(4)(a).
In a judgment entry dated March 24, 1998, the trial court sentenced appellant to: (1) serve sixty days in the Lake County Jail, with credit for fifty-one days already served; (2) successfully complete the NorthEast Ohio Community Alternative Program and follow all aftercare recommendations; (3) pay a mandatory fine of $750; and (4) attend three Alcoholics Anonymous meetings per week and obtain a sponsor. The court also ordered that appellant's driver's license be suspended for three years and that he pay all costs of prosecution and any fees permitted under R.C. 2929.18(A)(4).
Appellant filed his notice of appeal on April 23, 1998, and now advances the following assignment of error:
 "The trial court erred to the prejudice of [appellant] when it imposed the mandatory fine despite the indigence of the [appellant]."
 In his assignment of error, appellant contends that the trial court erred in imposing a mandatory fine of $750 because it failed to determine whether he was capable of paying it, although he had filed an affidavit of indigency before sentencing. Importantly, appellant neglected to set forth any argument concerning the constitutionality of the imposition of mandatory fines on indigent persons.
R.C. 4511.99 provides for the penalties to be imposed for violations of R.C. 4511.19(A). For an offender who has been convicted of or pleaded guilty to three or more violations of R.C.4511.19(A) or (B), the offender is guilty of a felony of the fourth degree and the trial court:
 "[S]hall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment * * *.
 "* * * shall impose upon the offender, pursuant to section 2929.18 of the Revised Code, a fine of not less than seven hundred fifty nor more than ten thousand dollars.
 "* * * shall require the offender to attend an alcohol and drug addiction program authorized by section 3793.02 of the Revised Code." R.C. 4511.99
(A)(4)(a).
 R.C. 2929.18(B)(3) applies to the facts of this case, and provides the following:
 "For a fourth degree felony OMVI offense, the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (A)(4) of section 4511.99 of the Revised Code. The mandatory fine so imposed shall be disbursed as provided in division (A)(4) of section 4511.99 of the Revised Code."
 The phrase, "fourth degree felony OMVI offense" is defined in R.C. 2929.01(OO) as meaning any violation of R.C. 4511.19(A) constituting a fourth degree felony. Additionally, the term, "`shall,'" is to "be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than their ordinary usage." Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus.
When interpreting and applying statutory provisions, courts must remain cognizant of the fact that the Ohio General Assembly possesses the exclusive power to prescribe punishment for crimes committed within Ohio. State v. O'Mara (1922), 105 Ohio St. 94, paragraph one of the syllabus. The General Assembly also may establish mandatory penalties pursuant to that power. State v.Bonello (1981), 3 Ohio App.3d 365, 367.
Interpreting the language of R.C. 4511.99(A)(4)(a) and R.C.2929.18(B)(3) in regard to appellant's assignment of error, it is clear that the legislature requires the courts to impose a mandatory fine of not less than $750 for violations of R.C.4511.19(A) or (B) constituting felonies of the fourth degree. In R.C. 4511.99(A)(4)(a), the legislature unequivocally states that the trial court "shall impose * * * a fine of not less than seven hundred fifty nor more than ten thousand dollars." In R.C.2929.18(B)(3), the legislature commands that the penalty for a fourth degree felony OMVI offense must include "a mandatory fine in the amount specified in division (A)(4)" of R.C. 4511.99, which is $750. Pursuant to Dorrian, the use of the term, "shall," in each of those provisions must be construed as meaning "mandatory," because there is not a clear and unequivocal legislative intent that it should receive a construction other than its ordinary usage; rather, the opposite is true.
When the legislature intends for a waiver of a fine, the statute is drafted with language including such waiver. For example, R.C. 2929.18(B)(1) governs the imposition of fines for all first, second, and third degree felony violations of R.C. Chapters 2925 ("Drug Offenses"), 3719 ("Controlled Substances"), and 4729 ("Pharmacists; Dangerous Drugs"), and provides:
 "[T]he sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines that the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 The language contained in R.C. 2929.18(B)(1) unambiguously permits a court to waive mandatory fines when the offender files an affidavit of indigency and the court actually finds him or her indigent. However, there is no such provision applicable to the facts in the instant matter. Thus, the legislature intended that the mandatory fine was to apply to an offender regardless of his or her indigent status. Therefore, appellant's assignment of error is without merit.
For the foregoing reasons, appellant's sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
________________
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J.,
concur.