OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Gary Smith, appeals his sentence for driving under the influence of alcohol or drugs.
On August 31, 1998, appellant was indicted by the Lake County Grand Jury on one count of driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree due to appellant's prior DUI convictions in 1993, 1994, and 1996. On September 4, 1998, the trial court accepted appellant's waiver of his right to be present at his arraignment and entered a plea of not guilty.
On October 6, 1998, appellant pleaded guilty to one count of driving under the influence of alcohol or drugs. The trial court accepted appellant's plea, found him guilty as charged in the indictment, and referred the matter to the Adult Probation Department for a presentence report and investigation. Prior to his sentencing hearing held on October 19, 1998, appellant filed an "Affidavit of Indigency," in which he claimed that he was indigent and could not pay the mandatory minimum fine of $750 required under R.C. 4511.99(A)(4)(a).
At appellant's sentencing hearing, the trial court overruled appellant's request to suspend the mandatory fine and sentenced appellant to serve ninety days in the Lake County Jail with conditions and to pay a $750 fine. From this sentence, appellant filed a timely notice of appeal assigning the following error:
 "The trial court erred to the prejudice of the defendant-appellant when it imposed the mandatory fine despite the indigence of the defendant-appellant."
In his sole assignment of error, appellant alleges that the trial court abused its discretion when it fined him $750 without first considering his indigence and without making an affirmative determination of his ability to pay a mandatory fine. Appellant contends that a court has the discretion to reduce or suspend a mandatory fine if it finds that the offender is indigent.
The General Assembly holds the exclusive power to prescribe punishment for crimes committed within this state. State v.O'Mara (1922), 105 Ohio St. 94, 136 N.E. 885, paragraph one of the syllabus. The legislature's power to provide mandatory sentences may constitutionally restrict the sentencing discretion of the trial court. See State v. Bonello (1981), 3 Ohio App.3d 365,445 N.E.2d 667.
According to R.C. 4511.99(A)(4)(a), when an offender commits a fourth degree felony OMVI offense, the trial court "shall impose upon the offender, pursuant to 2929.18 of the Revised Code, a fine of not less than seven hundred fifty nor more than ten thousand dollars." R.C. 2929.18(B)(3) governs the imposition of the fine in this case and provides:
 "For a fourth degree felony OMVI offense, the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (A)(4) of section 4511.99 of the Revised Code. The mandatory fine so imposed shall be disbursed as provided in division (A)(4) of section 4511.99 of the Revised Code."
In November of 1999, a year after this appeal was filed, this court addressed whether trial courts have any discretion over the imposition of fines set forth in R.C. 4511.99(A)(4)(a) and concluded they do not. State v. Cottrell (Nov. 5, 1999), Lake App. No. 98-L-220, unreported. In Cottrell, we stated:
 "In examining the language of R.C. 4511.99(A)(4)(a) and R.C. 2929.18(B)(3), it is apparent that the legislature requires the courts to impose a mandatory fine of not less than $750 for violations of R.C. 4511.19(A) or (B) that are felonies of the fourth degree." Id. (Emphasis omitted.)
This court reasoned that if the legislature intended that the mandatory fine could be waived due to the offender's indigence, it would have included language regarding waiver as it did in R.C.2929.18(B)(1), the statute governing the imposition of fines for all first, second, and third degree violations of R.C. Chapters 2925 ("Drug Offenses"), 3719 ("Controlled Substances"), and 4729 ("Pharmacists; Dangerous Drugs"). R.C. 2929.18(B)(1) provides:
 "* * * The sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines that the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
Because R.C. 2929.18(B)(3) does not include a waiver provision, the trial court had no discretion in imposing the mandatory fine set forth in R.C. 4511.99(A)(4)(a). The trial court did not err by imposing a $750 fine on appellant without considering his indigence. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 _______________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.