OPINION
{¶ 1} Michael Whalen entered a plea of guilty to driving under the influence of alcohol, a fourth degree felony (due to Whalen's having been convicted of DUI three other times within the six years preceding this offense).
 {¶ 2} The trial court sentenced Whalen to thirty months incarceration and fined him $1,500. The trial court also ordered "mandatory drug and alcohol treatment" when Whalen is released from prison.
 {¶ 3} On appeal, Whalen advances three assignments of error.
 {¶ 4} "1. The Trial Court erred in failing to find Appellant Indigent and in not suspending any fine imposed."
 {¶ 5} Whalen contends that the trial court erred in not suspending the $1,500 fine because he is indigent.
 {¶ 6} He points to the facts that he was and is represented by appointed counsel, that he lost his machinist's job when he was locked up on this offense, that his car was forfeited, that his driver's license was suspended for ten years, and that he will be incarcerated for thirty months.
 {¶ 7} He claims that the trial court's failure to suspend the fine was an abuse of discretion.
 {¶ 8} R.C. 4511.99(A)(4)(a)(iii), which applies to this fourth degree felony DUI, provides:
 {¶ 9} "In addition to all other sanctions imposed on an offender under division (A)(4)(a)(i) or (ii) of this section, the court shall impose upon the offender, pursuant to section 2929.18 of the Revised Code, a fine of not less than eight hundred nor more than ten thousand dollars."
 {¶ 10} The identical issue raised by this assignment was considered by the Court of Appeals for Lake County in State v. Cottrell (Nov. 5, 1999), Lake App. No. 98-L-220. Cottrell interpreted an earlier version of R.C. 4511.99(A)(4)(a) but — for purposes of this assignment — the only difference between the two versions was that the minimum fine prescribed by the earlier version was $750. Cottrell stated:
 {¶ 11} "R.C. 2929.18(B)(3) applies to the instant matter, and states:
 {¶ 12} "`For a fourth degree felony OMVI offense, the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (A)(4) of section 4511.99 of the Revised Code. The mandatory fine so imposed shall be disbursed as provided in division (A)(4) of section 4511.99 of the Revised Code.'
 {¶ 13} "The phrase, `fourth degree felony OMVI offense' is defined by R.C. 2929.01(JJ) as meaning any violation of R.C. 4511.19(A) that constitutes a fourth degree felony. In addition, the word, `shall,' is to `be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage.' Dorrian v. Scioto Conservancy Dist. (1971),27 Ohio St.2d 102, 271 N.E.2d 834, paragraph one of the syllabus.
 {¶ 14} "In construing and applying statutory provisions, courts must remain mindful that the Ohio General Assembly holds the exclusive power to prescribe punishment for crimes committed within Ohio. State v.O'Mara (1922), 105 Ohio St. 94, 136 N.E. 885, paragraph one of the syllabus. The General Assembly may further enact mandatory penalties pursuant to that power. State v. Bonello (1981), 3 Ohio App.3d 365, 367,445 N.E.2d 667.
 {¶ 15} "In examining the language of R.C. 4511.99(A)(4)(a) and R.C. 2929.18(B)(3), it is apparent that the legislature requires courts to impose a mandatory fine of not less than $750 for violations of either R.C. 4511.19(A) or (B) that are felonies of the fourth degree. Specifically, R.C. 4511.99(A)(4)(a) states that a trial court `shall impose * * * a fine of not less than seven hundred fifty nor more than ten thousand dollars.' Also, in R.C. 2929.18(B)(3), the legislature dictates that the penalty for a fourth degree felony OMVI offense must include `a mandatory fine in the amount specified in division (A)(4)' of R.C. 4511.99, which is $750. Pursuant to Dorrian, the use of the term, `shall,' in each of those provisions must be construed as meaning `mandatory,' because there is no clear and unequivocal legislative intent that it should receive any construction other than its ordinary usage.
 {¶ 16} "If the legislature intended for a waiver of a fine, the statute would have been drafted with language to include the waiver. For instance, R.C. 2929.18(B)(1) governs the imposition of fines for all first, second, and third degree felony violations of R.C. Chapters 2925 (`Drug Offenses'), 3719 (`Controlled Substances'), and 4729 (`Pharmacists; Dangerous Drugs'). R.C. 2929.18(B)(1) provides:
 {¶ 17} "` * * * [T]he sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines that the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.'
 {¶ 18} "The language contained in the foregoing section clearly mandates that a court waive fines when an offender files an affidavit of indigency and the trial court actually determines that he or she is indigent. Yet, there is no language regarding waiving a mandatory fine due to indigence in R.C. 2929.18(B)(3). Hence, it is our determination that the legislature meant for the mandatory fine of R.C. 4511.99(A)(4)(a) to apply to an offender regardless of his or her indigent status."
 {¶ 19} In our judgment, Cottrell correctly decided the question raised by Whalen's first assignment.
 {¶ 20} The first assignment is overruled.
 {¶ 21} "2. The Trial Court erred in sentencing Appellant to the maximum term of Imprisonment."
 {¶ 22} Under this assignment, Whalen contends the thirty-month maximum sentence was an abuse of discretion.
 {¶ 23} He first contends that the trial court abused its discretion by indicating at sentencing that it would impose a "midrange" sentence of three years, believing the sentencing range to be 1, 2, 3, 4, or 5 years, and then imposing the maximum thirty-month sentence that is actually called for by R.C. 4511.99(A)(4)(a)(i).
 {¶ 24} We do not see — nor does Whalen explain — how this particular decision was an abuse of discretion.
 {¶ 25} The parties appear to agree that Whalen has never served a prison term. Under these circumstances, Whalen was entitled to be sentenced to the shortest authorized prison term unless the trial court found "on the record that the shortest prison term will demean the seriousness of the offense or will not adequately protect the public from future crime by the offender. . . ." R.C. 2929.14(B)(2). Furthermore, the trial court was precluded from imposing the maximum sentence unless Whalen's DUI was the worst form of the offense or Whalen posed the greatest likelihood of committing future crimes. R.C. 2929.14(C).
 {¶ 26} The record reflects that this offense is Whalen's sixteenth DUI conviction since 1981 and his second felony DUI conviction. Whalen has been an unreliable probationer. This offense was committed while he was on probation for burglary in Butler County, and the burglary was committed while he was on Montgomery County probation. Whalen also has convictions for driving without a license and driving under suspension. Whalen has been in several treatment programs.
 {¶ 27} In sentencing Whalen, the trial court stated:
 {¶ 28} "Mr. Whalen, I'm going to accept the facts as contained in the pre-sentence investigation is [sic] true and incorporate those into record. I will note that this is — there is a mandatory sentence that you must be sentenced, you are not eligible for community control sanctions until after you serve a minimum mandatory sentence. However, sir given the fact that you have fourteen prior misdemeanor DUI's, you have a prior felony DUI. That you had just — you know the fact that you were sober for two years, I'm not really banking on that because you were in a program for six months, you are out for, I think less than two months and then got arrested for this one. So clearly not a whole lot is having any impact on your behavior. And then after you pick up this offense, you get charge [sic] with another alcohol-related offense. Sir when considering all these factors, when considering the purposes and principals of sentencing and the seriousness and recidivist factors contained in the Ohio Revised Code. Specifically that you have a prior felony offense for driving under the influence. That at the time of the offense you were on community control sanctions in the case number 0001476 that you continue to re-offend and this is your sixteenth DUI conviction. So to say that your continuing to re-offend or that recidivism is unlikely would be — it's clear that recidivism is very likely and that you continue to re-offend. And — Sir, I am going to find that the factors — the seriousness factors and the recidivism factors outweigh any other mitigating factors in addition sir that with regard to the minimum sentence, the Court finds that the shortest prison sentence will demean the seriousness of your conduct and will not adequately protect the public from future crime by the defendant for all the reasons that I've stated, as well as that are contained in the pre-sentence investigation. I am going to sentence sir to a period of three years in the corrections reception center and I'm going to suspend your drivers license for a period of ten years."
 {¶ 29} After learning that the authorized maximum sentence was thirty months, the trial court stated:
 {¶ 30} "I'm going to incorporate all the facts and any information that I have previously stated with regard to your sentencing. However sir, I am going to find that after considering the purposes and principals of sentencing contained, Ohio Revised Code section 2929.11. The seriousness and recidivist factors contained in the Ohio Revised Code section 2929.12. That the maximum sentence is appropriate for you. That you committed the worst form of offense. That you pose a great likelihood of committing future crime particularly that you have sixteen — this is your sixteenth DUI offense and that you are a repeat offender. I am going to sentence you to a term of imprisonment of thirty months. I'm going to sentence you — the fine will remain the same, the forfeiture of the vehicle will remain the same as I indicated previously as will the drivers license suspension, and you will also sir go under mandatory drug and alcohol treatment when your [sic] released from prison."
 {¶ 31} We tend to agree with Whalen that this particular DUI was not the worst form of the offense. Indeed, a six-month sentence may not have demeaned the seriousness of this particular DUI. However, we believe the record amply supports the trial court's determination that the shortest term will not protect the public and its somewhat inartfully stated determination that Whalen poses the greatest likelihood of committing future crimes.
 {¶ 32} The second assignment is overruled.
 {¶ 33} "3. The Trial Court erred in sentencing Appellant to Mandatory Drug and Alcohol treatment after serving a maximum prison sentence."
 {¶ 34} Whalen concedes that the trial court was required to order his participation in an authorized alcohol and drug addiction program. R.C. 4511.99(A)(4)(a)(iii).
 {¶ 35} He claims this participation should be during his prison sentence rather than after, as ordered by the trial court.
 {¶ 36} Other than saying post-release control is intended "to handle any and all sanctions after the release from prison," Whalen says nothing to demonstrate that the trial court erred in ordering his participation in the addiction program after he completes his prison term.
 {¶ 37} We find no error and overrule this assignment.
 {¶ 38} The judgment will be affirmed.
Brogan, J. and Young, J., concur.