[Cite as *State v. Russell*, 2012-Ohio-2336.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :          Appellate Case No. 24802
    Plaintiff-Appellee             :
                                       :          Trial Court Case No. 2011-CR-1758
v.                                     :
                                       :          (Criminal Appeal from
RANDALL L. RUSSELL                     :           Common Pleas Court)
                                       :
    Defendant-Appellant        :
                                       :
. . . . . . . . . . .

## O P I N I O N

Rendered on the 25th day of May, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. #0074057, 120 West Second Street, Suite 400, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Randall Lee Russell appeals from his conviction and sentence following a guilty plea to a charge of operating a motor vehicle while under the influence of alcohol

(OVI).

**{¶ 2}** In his sole assignment of error, Russell contends the trial court abused its discretion in imposing a mandatory fine as part of his third-degree felony OVI sentence. Because he filed a pre-sentence affidavit of indigency and the trial court found him indigent, Russell claims the trial court should not have imposed a $1,350 fine.

**{¶ 3}** In support of his argument, Russell relies on R.C. 2929.18(B)(1), which provides in part: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

**{¶ 4}** Upon review, we find Russell's argument to be without merit. Another provision, R.C. 2929.18(B)(3), states that "[f]or a fourth degree felony OVI offense and for a third degree felony OVI offense, the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code, whichever is applicable." In turn, R.C. 4511.19(G)(1)(e)(iii) makes clear that the fine required by R.C. 2929.18(B)(3) for a third-degree felony OVI offense cannot be waived. It states that a person convicted of third-degree felony OVI shall receive a sentence that includes "[i]n all cases, *notwithstanding Section 2929.18 of the Revised Code*, a fine of not less than one thousand three hundred fifty * * * dollars." (Emphasis added.) *See State v. Whalen*, 2d Dist. Montgomery No. 19783, 2003-Ohio-6539 (holding that a fine is required for a fourth-degree felony OVI offense even when an offender is indigent).

**{¶ 5}** On the authority of R.C. 4511.19(G)(1)(e)(iii), and this court's decision in

*Whalen*, we overrule Russell's assignment of error and affirm the judgment of the

Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Lucas W. Wilder
Hon. Michael Tucker