[Cite as *State v. Strickland*, 2019-Ohio-3922.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28315 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-2893 |
| | : | |
| CHARLEY ROY STRICKLAND, III | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KATHRYN L. BOWLING, Atty. Reg. No. 0084442, 120 W. Second Street, Suite 1715, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Charley Roy Strickland III appeals from his convictions and sentences after he entered guilty pleas to one count of Aggravated Vehicular Homicide, a first-degree felony, Aggravated Vehicular Assault, a second-degree felony, and operating a vehicle under the influence (OVI), with multiple prior offenses, a fourth-degree felony. He was sentenced to an agreed total sentence of 17 years in prison and was ordered to pay $11,543.15 in restitution and court costs. Strickland's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. By order filed May 31, 2019, we notified Strickland of the *Anders* filing and gave him an opportunity to submit a pro se brief, but he did not do so.

## I. Procedural History

{¶ 2} On October 16, 2018, Strickland was indicted for ten counts related to a motor vehicle collision that resulted in the death of one person and injury to a second. The OVI charges indicated that Strickland had three prior convictions within the previous 10 years. On January 8, 2019, Strickland appeared in court with counsel and entered into a plea and sentencing agreement with the State of Ohio where, in exchange for guilty pleas to the three above-named charges, he would be sentenced to 17 years in prison, be ordered to pay restitution, and the remaining charges would be dismissed.

{¶ 3} During the plea hearing, the trial court thoroughly complied with Crim.R. 11 and reviewed with Strickland the applicable penalties and consequences of his plea agreement with the State. The court explained that Strickland's agreed prison sentence would be an aggregate 17 years, that the OVI charge included a mandatory minimum fine of $1,350, and that the court would determine restitution. (Tr. 11). The court also

confirmed Strickland understood that he was "giving up [his] right to appeal any pre-trial rulings, and * * * giving up [his] right to appeal [his] sentence." (*Id.*) The court determined that Strickland understood the nature of the offenses, the elements involved, the applicable driver's license suspensions, the other rights he was giving up, and concluded that he was entering his pleas knowingly, intelligently and voluntarily.

{¶ 4} A presentence investigation report was ordered. That report indicated that Strickland, age 38 at sentencing, was unmarried, had no children and was in good health. He graduated from high school and attended Miami Jacobs Career College, although he did not receive any degrees there. He had been employed as a machinist for several months before his incarceration. He had previously worked for ten years at DMAX in Moraine, Ohio. He was represented in the trial court by retained counsel.

{¶ 5} On January 22, 2019, a sentencing hearing was conducted during which the court indicated "the victim's wife provided a copy of the funeral bill * * * that she paid the sum of $11,543.15 * * *. It's my understanding that the Defendant has stipulated that that is the restitution due * * *. The Defendant is waiving any restitution hearing and has stipulated or agreed to that restitution." Both defense counsel and Strickland indicated their agreement with the court's statement (Tr. 25). The court then proceeded to impose the agreed sentence of 17 years in prison, the stipulated restitution amount, a mandatory fine on the OVI charge of $1,350, a mandatory driver's license suspension for life, and court costs. The court determined, without elaboration, that Strickland had "the present and future ability to pay the restitution, as well as the mandatory fine on the OVI." (Tr. 30). The court also imposed applicable post-release control.

**Potential Issues for Review**

{¶ 6} In the *Anders* filing, appellate counsel has pointed out two related potential assignments of error. First, counsel indicates the trial court may have erred by determining that Strickland had the present and future ability to pay fines, costs and restitution. Second, appellate counsel indicates trial counsel may have been ineffective for failing to submit an affidavit of indigency to relieve Strickland of mandatory fines and court costs. Nonetheless, counsel concluded the appeal does not have arguable merit, requests that this court conduct an independent review, and requests permission to withdraw from representation.

{¶ 7} We begin by noting that a jointly-recommended sentence that is imposed by the court is not subject to appeal. R.C. 2953.08(D)(1) provides: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See also State v. Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627 (holding that a jointly-recommended consecutive sentence is "authorized by law" and not appealable even though the trial court did not make consecutive sentence findings that otherwise would be required).

{¶ 8} Here, there is nothing in the record to suggest that the sentence, including the stipulated restitution and the statutorily-mandated OVI fine, were contrary to law. Ordinarily, "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction * * *." However, consistent with *Sergent*, even if the trial court had failed to determine Strickland had the ability to pay the stipulated restitution and the statutorily mandated fine, the agreed sentence was not contrary to law and not subject to

appellate review. *See also State v. Pishok*, 3d Dist. Seneca No. 13-03-43, 2003-Ohio-7118, ¶ 17 (agreed sentence included restitution and costs; an assignment of error challenging the trial court's failure to consider the defendant's ability to pay was not appealable). Any argument that the agreed sentence including stipulated restitution and a statutorily-mandated fine was appealable lacks arguable merit and would be frivolous.

{¶ 9} In addition, even if Strickland's sentence were subject to appellate review, his potential assignments of error have no arguable merit. With regard to restitution, " '[w]hen the agreement to pay restitution to the victim is part and parcel of a plea agreement, there is no reversible error in imposing a financial sanction, without first determining the defendant's ability to pay.' " *State v. McMullen*, 1st Dist. Hamilton No. C-140562, 2015-Ohio-3741, ¶ 5, quoting *State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 22.

{¶ 10} Furthermore, with regard to the mandatory OVI fine, we have held that a felony OVI fine cannot be waived regardless of indigency. *State v. Russell,* 2d Dist. Montgomery No. 24802, 2012-Ohio-2336, ¶ 4. Authority for imposition of that fine is R.C. 2929.18(B)(3), which states that "[f]or a fourth degree felony OVI offense and for a third degree felony OVI offense, the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code, whichever is applicable." In turn, R.C. 4511.19(G)(1)(e)(iii) makes clear that the fine required by R.C. 2929.18(B)(3) for such a felony OVI offense cannot be waived. R.C. 4511.19(G)(1)(e)(iii) states that a person convicted of a fourth or third degree felony OVI shall receive a sentence that includes "[i]n all cases, *notwithstanding Section 2929.18 of the Revised Code*, a fine of not less than one thousand three hundred

fifty * * * dollars." (Emphasis added.) Therefore the potential for waiver of a mandatory fine by filing an affidavit of indigency found in R.C. 2929.18 is simply inapplicable to a felony OVI mandatory fine. *See also State v. Whalen*, 2d Dist. Montgomery No. 19783, 2003-Ohio-6539 (holding that a fine is required for a fourth-degree felony OVI offense even when an offender is indigent). Because the mandatory fine in this case was not waivable due to indigency, the failure to file an affidavit could not possibly constitute ineffective assistance of counsel. An assignment of error to the contrary would be frivolous.

### *Anders* review

{¶ 11} We have also performed our duty to independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Having reviewed the entire record, including the docketed filings, the PSI report and the plea and sentencing hearing transcripts, we agree with appointed counsel's assessment that there are no appealable issues with arguable merit. The trial court conducted a thorough Crim.R. 11 plea hearing and concluded that Strickland knowingly, voluntarily, and intelligently waived his rights and entered his pleas. Likewise, with regard to the sentences imposed, they are within the appropriate statutory range and are not contrary to law. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. We have not found and cannot conceive of any

reasonable, potentially meritorious argument in the circumstances of this case that would support the Strickland's cause. Accordingly, assigned counsel's request to withdraw is granted and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kathryn L. Bowling
Charley Roy Strickland, III
Hon. Mary Katherine Huffman