**[Cite as *State v. Smith*, 2020-Ohio-2854.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28208, 28209, |
| | : | 28210, 28211 |
| v. | : | |
| | : | Trial Court Case Nos. 2017-CR-1181, |
| STORM SMITH | : | 2016-CR-434, 2016-CR-529, 2018- |
| | : | CR-3475 |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from |
| | | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Dayton, Ohio 45419
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Storm Smith's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) indicating he could not find any potentially meritorious appellate issues. Following an independent review of the record, we agree with this assessment. As such, the judgments of the Montgomery County Common Pleas Court will be affirmed.

## Facts and Procedural History

{¶ 2} In five separate indictments, Smith was indicted by the Montgomery County Grand Jury as follows: Montgomery C.P. No. 2015-CR-636 (which, on appeal, was assigned Montgomery App. No. 28207), Montgomery C.P. No. 2016-CR-434 (which, on appeal, was assigned Montgomery App. No. 28209), Montgomery C.P. No. 2016-CR-529 (which, on appeal, was assigned Montgomery App. No. 28210), Montgomery C.P. No. 2017-CR-1181 (which, on appeal, was assigned Montgomery App. No. 28208), and Montgomery C.P. No. 2018-CR-3475 (which, on appeal, was assigned Montgomery App. No. 28211). Case No. 2015-CR-636 indicted Smith for possession of heroin, a third-degree felony, possession of cocaine, a fifth-degree felony, aggravated possession of drugs, a fifth-degree felony, and possession of drugs, a first-degree misdemeanor. Following a jury trial in this case, Smith was convicted on all counts and sentenced to an aggregate 36-month prison term.

{¶ 3} In Case No. 2016-CR-529, Smith filed a motion to suppress evidence, which was denied.

{¶ 4} Following Smith's conviction in Case No. 2015-CR-636, the parties reached a plea agreement regarding the remaining cases as follows: in Case No. 2016-CR-434, Smith pleaded guilty to failure to comply with an order or signal of a police officer, a third-

degree felony. In Case No. 2016-CR-529, he pleaded guilty to trafficking in cocaine, a third-degree felony. In Case No. 2017-CR-1181, he pleaded guilty to possession of cocaine, a fifth-degree felony, and in Case No. 2018-CR-3475, he pleaded guilty to aggravated possession of drugs, a fifth-degree felony. The parties agreed that Smith's prison sentences on these cases would, in total, be a concurrent three-year sentence to be served concurrently to the three-year prison sentence in Case No. 2015-CR-636, resulting, for all cases, in a three-year prison term. Immediately after accepting the guilty pleas, the trial court sentenced Smith in accordance with the plea agreement. Smith appealed each case, and this court consolidated the cases for appeal.

{¶ 5} Smith's initial appellate brief asserted arguments only in Case No. 2015-CR-636 (Montgomery App. No. 28207), the case in which she was convicted following a jury trial. The brief stated in a footnote "that [as to the other cases] no meritorious argument would be forthcoming." In response, we filed a Decision and Entry ordering that Montgomery App. No. 28207 "proceed * * * on the merits[,]" but with respect to the other four cases, "which remain[ed] consolidated, * * * counsel [was instructed] to file a brief in accordance with *Anders* * * *."[1] Counsel complied with this instruction. Smith was informed of the *Anders* brief and of his right to file a pro se brief within 60 days of the *Anders* notice. Smith has not filed a brief.

### *Anders* Standard

{¶ 6} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly

---

[1] Smith's conviction in Case No. 2015-CR-636 was affirmed in an opinion filed on October 19, 2019. *State v. Smith*, 2d Dist. Montgomery No. 28207, 2019-Ohio-4373.

frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

### *Anders* Analysis

{¶ 7} Consistent with his duties under *Anders*, counsel has suggested the following assignments of error: (1) that Smith did not enter the pleas in a knowing, intelligent, and voluntary fashion; (2) that Smith's sentence is contrary to law; and (3) that the trial court erred when it overruled Smith's motion to suppress in Case No. 2016-CR-529. We agree with counsel's assessment that pursuing these potential assignments of error would be wholly frivolous.

{¶ 8} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to [appellate] review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution * * *, and is imposed by the sentencing judge. If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. Smith and the prosecution jointly recommended the sentence, and the trial court imposed the recommended three-year concurrent prison term. The "authorized by law" condition is a bit more nuanced, with a sentence being so authorized "only if it comports

with all mandatory sentencing provisions." *Id.* at paragraph two of the syllabus. Such mandatory provisions include the proper imposition of postrelease control (PRC), making, when applicable, the findings required for the imposition of consecutive sentences, and ordering the merger of allied offenses of similar import. *Id. at* ¶ 20, 33.

{¶ 9} Our independent review confirms that Smith's sentence is authorized by law. Smith's guilty pleas do not raise any merger issue. As to each charge, the trial court correctly informed Smith of the maximum sentence that could have been imposed, absent the parties' agreement, and the potential and mandatory fines. The trial court also correctly informed Smith of the mandatory and potential PRC implications, and the judgment entries accurately reflect this discussion. In addition, as to the second-degree felony trafficking in heroin charge, the trial court informed Smith that this offense required the imposition of a mandatory prison term. Further, as to the failure to comply charge, the trial court informed Smith that this offense required the imposition of a mandatory driver's license suspension. Finally, as to the drug counts, the trial court informed Smith of a possibility of a driver's license suspension.[2] Thus, Smith's sentence was not appealable under R.C. 2953.08(D)(1), and any appellate argument suggesting the sentence is contrary to law would be wholly frivolous.

{¶ 10} The second proposed assignment of error relates to the trial court's decision overruling a motion to suppress in Case No. 2016-CR-529. Smith's guilty plea in that case "waives [her] ability to challenge the suppression ruling on appeal." *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5, citing *State v. Guerry*, 2d Dist.

---

[2] The trial court found Smith indigent, and, on this basis, did not impose any mandatory or discretionary fines. The trial court only imposed the mandatory license suspension associated with the failure to comply charge.

Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carsen*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Given this, any appellate argument attacking the trial court's suppression decision would be wholly frivolous.

**{¶ 11}** Finally, turning to the third proposed assignment of error, any argument that Smith did not enter the guilty pleas in a knowing, intelligent, and voluntary manner would also be without potential appellate merit. Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) insures compliance with this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. The trial court strictly complied with the Crim.R. 11(C) requirements when taking Smith's guilty pleas. Based upon this compliance, any argument that Smith's guilty pleas were less than knowing, intelligent, and voluntary would be without potential appellate merit.

## Conclusion

**{¶ 12}** We have found no non-frivolous issues for appellate review. Counsel's request to withdraw is granted, and the judgments of the Montgomery County Common Pleas Court are affirmed.

. . . . . . . . . . . . .


HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Carlo C. McGinnis
Storm Smith
Hon. Mary Lynn Wiseman