[Cite as *State v. Bowshier*, 2022-Ohio-3454.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2022-CA-14, |
| | : | 2022-CA-15 and 2022-CA-16 |
| v. | : | |
| | : | Trial Court Case Nos. 2021-CR-444, |
| HEATHER BOWSHIER | : | 2021-CR-633 and 2021-CR-825 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Heather Bowshier, appeals from her convictions in three separate cases. After pleading guilty in all three cases and being sentenced to a total of 36 months in prison, Bowshier filed notices of appeal in each case. We consolidated the three cases on March 9, 2022.

**{¶ 2}** On June 1, 2022, Bowshier's counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there were no issues with arguable merit to present on appeal. Counsel raised one potential assignment of error, which was that the sentence of 36 months was contrary to law. However, counsel found no arguable merit in this claim.

**{¶ 3}** We notified Bowshier that her counsel had found no meritorious claim for review and gave her 60 days to file a pro se brief assigning any errors. On June 8, 2022, we also ordered that the record be supplemented with the presentence investigation ("PSI") report, the victim impact statements, and any other records the trial court reviewed for sentencing. The probation department notified us on June 8, 2022, that there was no PSI report.

**{¶ 4}** After being notified of her right to file a brief, Bowshier did not do so. In addition, the State did not file a brief. Upon review of the entire record and upon conducting our independent *Anders* review, we find no issues with arguable merit for Bowshier to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 5} As noted, this case involves three separate criminal actions. In the first case (Clark C.P. No. 2021-CR-444), Bowshier was indicted on July 19, 2021, on two counts of receiving stolen property. The alleged crimes, which involved a motor vehicle, had occurred on July 6, 2021. One charge was a fourth-degree felony, and the other was a fifth degree felony. After Bowshier pled not guilty, the court released her on her own recognizance and appointed counsel. The court then set a trial date for October 13, 2021. At the agreement of the parties, the trial date was converted into a final pre-trial. However, because Bowshier failed to appear for the pretrial, the court issued a capias for her arrest on October 13, 2021.

{¶ 6} Bowshier was arrested on November 29, 2021, and the court set a bond of $10,000 cash or surety. The court then set a pretrial for January 27, 2022, and a jury trial for February 16, 2022.

{¶ 7} While the first case was pending, Bowshier was indicted in Clark C.P. No. 2021-CR-633 for having weapons under disability, carrying a concealed weapon, and theft. A gun forfeiture specification was also included on each of the counts. These charges arose from events that occurred on September 13, 2021, and were, respectively, a third-degree felony and two fourth-degree felonies. The indictment was filed on September 27, 2021, and Bowshier failed to appear for arraignment on October 1, 2021. As a result, a warrant was issued for her arrest. After being arrested on November 29, 2021, Bowshier pled not guilty, and the court set bond of $25,000, cash or surety, with conditions. After appointing counsel for Bowshier, the court set a pretrial for January 27,

2022, and a jury trial for March 8, 2022.

{¶ 8} While both of these cases were pending, an indictment was filed in Clark C.P. No. 2021-CR-825 on December 14, 2021, charging Bowshier with theft of a motor vehicle, a fourth-degree felony. The alleged incident occurred on November 14, 2021. Bowshier pled not guilty on December 17, 2021, and bond was set at Bowshier's own recognizance. The court appointed counsel and also set a pretrial for January 27, 2022, and a jury trial for March 10, 2022.

{¶ 9} On February 16, 2022, the parties appeared in court and presented the court with a written plea agreement, pursuant to which Bowshier would plead guilty to the following charges:

(1) In Case No. 2021-CR-444, one count of receiving stolen property, a fifth-degree felony;

(2) In Case No. 2021-CR-633, amended Counts Two and Three of the indictment, i.e., attempted carrying a concealed weapon, a fifth-degree felony, and attempted theft, a fifth-degree felony; and

(3) In Case No. 2021-CR-825, theft, a fourth-degree felony.

Plea and Disposition Transcript ("Tr."), p. 1-7. Bowshier also agreed in Case No. 2021-CR-633 to forfeit the Ruger SR22 firearm that had been seized. *Id.* at p. 5. In exchange for the plea, the State agreed to dismiss Count One of the indictment in Case No. 2021-CR-444 and to dismiss Count One of the indictment and the remaining forfeiture specification in Case No. 2021-CR-633. *Id.* at p. 6-7.

{¶ 10} The parties also agreed to the following sentences: 12 months in prison in

Case No. 2021-CR-444; six months in prison on each of the two counts in Case No. 2021-CR-633; and 12 months in prison in Case No. 2021-CR-825. The sentences were to be served consecutively, for a total of three years in prison. Bowshier was also to pay restitution of $6,533.84 to the victim in Case No. 2021-CR-633. *Id.* at p. 7. In addition, Bowshier agreed that the court could either proceed to sentencing that day or refer the matter for a PSI report. Plea of Guilty, p. 3.

{¶ 11} After the trial court read the terms of the plea agreement, Bowshier agreed to the terms. Tr. at p. 8. After fully advising Bowshier of her rights under Crim.R. 11(C), including the charges, maximum sentences, and the effect of her pleas, the court accepted the guilty pleas, found Bowshier guilty as charged, and dismissed the remaining counts pending against her. Tr. at p. 7-14. The court then sentenced Bowshier to three years in prison per the joint agreement of the parties. *Id.* at p. 15.

{¶ 12} The written plea agreement, including the court's acceptance of the guilty pleas, was filed on February 16, 2022. On the same day, the court filed a judgment entry of conviction in each case, reflecting the sentences and the fact that the court had considered the purposes and principles of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. The court further noted that it had discretion under R.C. 2929.13(B)(1)(b)(ix) to impose a prison term because Bowshier had previously served a term in prison.

{¶ 13} Bowshier timely appealed from the judgments in all three cases, and we have consolidated the appeals.

## II. Discussion

{¶ 14} In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 15} After conducting an independent review of the record pursuant to *Anders*, we agree with Bowshier's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. Before reaching this conclusion, we reviewed the entire record in all three cases.

{¶ 16} As noted, Bowshier's counsel raised one potential assignment of error, i.e., that the sentence is contrary to law. However, counsel found no merit to that argument because agreed sentences are not reviewable on appeal. Appellant's Brief at p. 5. We agree that, in this case, Bowshier's sentence is not reviewable.

{¶ 17} Under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to [appellate] review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. Here,

both parties jointly recommended the sentence, and the trial court imposed the agreed-upon sentence.

{¶ 18} "The 'authorized by law' condition is a bit more nuanced, with a sentence being so authorized 'only if it comports with all mandatory sentencing provisions.' " *State v. Smith*, 2d Dist. Montgomery No. 28208, 2020-Ohio-2854, ¶ 8, quoting *Underwood* at paragraph two of the syllabus. "Such mandatory provisions include the proper imposition of postrelease control (PRC), making, when applicable, the findings required for the imposition of consecutive sentences, and ordering the merger of allied offenses of similar import." *Id.*, citing *Underwood* at ¶ 20 and 23.

{¶ 19} After an independent review, there is no basis on which to argue that Bowshier's sentences were not authorized by law, and any argument to that effect would be wholly frivolous. First, no merger issue exists. While Bowshier was convicted of two theft offenses, those occurred on separate dates. The trial court also correctly informed Bowshier of maximum penalties for the offenses that could be imposed without a plea agreement, as well as possible and maximum fines. Tr. at p. 10. In addition, the court properly explained potential and mandatory post-release control sanctions. *Id.* at p. 10-11.

{¶ 20} Consecutive sentences were imposed here. While the trial did not make findings on the consecutive sentences, that was not required in this situation. *See State v. Strickland*, 2d Dist. Montgomery No. 28315, 2019-Ohio-3922, ¶ 7, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627 ("a jointly-recommended consecutive sentence is 'authorized by law' and not appealable even though the trial court

did not make consecutive sentence findings that otherwise would be required"). *See also State v. Campbell*, 2d Dist. Clark No. 2020-CA-11, 2021-Ohio-2053, ¶ 29. Accordingly, the proposed assignment of error has no arguable merit.

### III. Conclusion

**{¶ 21}** We have reviewed the potential assignment of error raised by Bowshier's appellate counsel and have performed our duty under *Anders* to conduct an independent review of the record. After a thorough review, we have found no issues with arguable merit for Bowshier to advance on appeal. Accordingly, appellate counsel's motion to withdraw is granted, and the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Ian A. Richardson
Kirsten Knight
Heather Bowshier
Hon. Douglas M. Rastatter