[Cite as *State v. Easter*, 2016-Ohio-7798.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

STATE OF OHIO                                :
                                             :     Appellate Case No. 2015-CA-99
            Plaintiff-Appellee               :
                                             :     Trial Court Case No. 2014-CR-71
v.                                           :
                                             :     (Criminal Appeal from
LARRY W. EASTER                              :      Common Pleas Court)
                                             :
            Defendant-Appellant              :
                                             :

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

RICHARD HEMPFLING, Atty. Reg. No. 0029986, Flanagan Lieberman Hoffman & Swaim, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Larry W. Easter appeals from his conviction and

sentence for one count of Rape, following his guilty plea. Easter contends that his guilty plea was not knowingly, voluntarily or intelligently given, and that the court erred in ordering him to pay court-appointed counsel fees. The record supports a conclusion that Easter's plea was knowingly, voluntarily and intelligently made, but Easter was not properly informed about post-release control sanctions for a life sentence with parole eligibility. We conclude that the proper remedy for this misinformation is to remand this cause for resentencing. The State concedes that the trial court erred by ordering Easter to pay the cost of court-appointed counsel without a finding of his ability to pay such costs. We agree. That part of the judgment of the trial court requiring Easter to pay court-appointed counsel fees is Reversed and Vacated. Because of the error in the sentencing hearing involving post-release control, which the State concedes, this cause is Remanded for the limited purpose of a new sentencing to properly impose post-release control. In all other respects, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Easter was indicted on four counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b). Each count included a specification that the victim was under ten years old, which enhances the penalty under R.C. 2907.02(B).

{¶ 3} Pursuant to a plea agreement, the State agreed to dismiss three counts of Rape, and Easter agreed to plead guilty to one count of Rape, with the specification removed from the charge. The plea agreement also includes the parties' agreement to a sentence of 10 years to life imprisonment. The plea agreement is signed by Easter, admitting to the offense and acknowledging a waiver of his rights. The agreement

contains a statement that the trial court found that Easter was advised of all constitutional rights and made a knowing, intelligent and voluntary waiver of those rights. Based on the plea, the trial court found Easter guilty and set the matter for a sentencing hearing. The record does not reflect that a pre-sentence investigation report was ordered or reviewed by the trial court prior to sentencing.

{¶ 4} At the sentencing hearing, the trial court asked Easter a series of questions confirming that Easter was admitting to the facts constituting the elements of the offense of Rape, and that the plea agreement accurately reflects the full terms of the agreement. The trial court verified that Easter had read and understood the terms of the plea agreement, that Easter had sufficient education and experience to understand the agreement, and that his mental capacity was not impaired by any substance abuse. Easter acknowledged that no one had made any promises or any threats to coerce his consent to the plea agreement. Easter affirmatively agreed that he was satisfied with the advice and representation of his attorney, and defense counsel stated that he was satisfied that Easter understood the nature and elements of the offense and the guilty plea. The trial court informed Easter of each of his constitutional rights, including the right to require the State to prove beyond a reasonable doubt all elements of the offense, the right to confront his accusers, the right to have witnesses testify on his behalf and to compel their appearance, and the right to testify or not to testify. Easter indicated that he understood his rights and that he agreed to waive all rights by pleading guilty to the charge of Rape.   When given the opportunity to say anything, Easter responded by stating that he was sorry for everything that happened. Easter did not ask any questions, did not express any confusion, and did not display any hesitation about his voluntary decision to

enter the plea.

{¶ 5}  After finding that Easter had made a knowing, intelligent and voluntary waiver of his constitutional rights, the court imposed a sentence of life imprisonment with a minimum 10-year term of imprisonment. Easter was also found to be a Tier III sexual offender, and was informed of his registration obligations, and the consequences of failure to register. The trial court informed Easter that "since your prison sentence is an indefinite sentence with the possibility of life in prison, this case does not come under the post-release control statutes," Transcript at 7, and "because the sentence was 10 years to life, there is no post-release control," T. at 13. However, the court also advised Easter that "if you are released from prison, it would be on parole under the jurisdiction of the Ohio Adult Parole Authority," T. at 7, and that "if he is released from prison, would be pursuant to the requirements of the Ohio Adult Parole Authority," T. at 13.  As part of the sentence, Easter was assessed court costs. The termination entry journalizing the conviction and sentence also orders Easter "to pay all costs of prosecution, Court appointed counsel fees and any fees permitted pursuant to Revised Code Section 2929.18(A)(4) and court costs." Dkt. #12.  No finding was made regarding Easter's ability to pay the imposed fees.

{¶ 6} From the judgment of the trial court, Easter appeals.


**II. Easter's Plea Was Knowingly, Voluntarily and Intelligently Made**

{¶ 7} For his First Assignment of Error, Easter asserts:

APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY GIVEN.

{¶ 8} Easter argues that his plea must be vacated because he was misinformed

that his sentence would not include a term of post-release control. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. "Crim.R. 11(C) requires a trial judge to determine whether that criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea." *Id.* at ¶ 10. In determining whether Easter's guilty plea was made knowingly, intelligently, and voluntarily, we must review the record "to ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea." *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). A trial court must substantially comply with the notification of the non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with those notifications. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14, 17.

{¶ 9} Our review of the record reveals that the trial court appropriately questioned Easter to assure that he was fully informed of his rights and the consequences of his plea. Easter's responses indicated that he understood the plea agreement and its consequences, and that his decision to enter into the plea was knowing and voluntary. Easter argues that the plea was not proper because the trial court misinformed Easter about his post-release parole obligations. Easter is correct in his assertion that even though he was given a life sentence, the trial court should have informed him of, and should have entered a judgment imposing, a specific term for post-release control. The Supreme Court of Ohio has held that, "[a]lthough it could be implied from [R.C. 2967.28(F)] that postrelease control is unnecessary for indefinite or life sentences, there

is no specific language in either this or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring postrelease control." *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 20.    But we disagree with Easter's argument that his plea should be vacated for a non-prejudicial error that can be corrected.

{¶ 10} We note that the trial court did orally advise Easter that once he completed the prison term he would be subject to supervision by the Adult Parole Authority, but the trial court did not state the duration of the post-release control, and no box was checked on the plea form choosing a specific term that could be imposed for post-release control. We have held that an error at sentencing involving the failure to accurately inform a defendant about post-release control obligations does not require vacation of the entire judgment, because that portion of the judgment can be corrected at a new sentencing hearing. *State v. Johnston*, 2d Dist. Montgomery No. 26620, 2015-Ohio-4716, ¶ 12. The new sentencing hearing is limited to the proper imposition of post-release control. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29.

{¶ 11}  Easter challenges the application of case law that focuses on statutory sentencing errors, contending that he is asserting a constitutional violation that occurred when his plea was tendered and accepted after he was given misinformation about the penalties that could be imposed if he was convicted of the charged offenses. We have held that a plea should be set aside when the defendant is improperly informed about the possible maximum penalties that could be assessed. *State v. Burnett,* 2d Dist. Clark No. 2013-CA-98, 2016-Ohio-2655, ¶ 11. In *Burnett*, we made a distinction between cases where the court completely fails to comply with the mandate of Crim.R. 11(C)(2)(a), and

cases involving partial, or substantial, compliance with the mandates of Crim. R. 11. We stated, "[i]f the trial judge partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Burnett* at ¶ 10, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.,* citing *State v. Veney,* 120 Ohio St. 3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.

{¶ 12} In the case before us, Easter was properly informed that his maximum sentence was life in prison, and was also informed that he would be under the control of the Adult Parole Authority if he was released from prison. Easter has not demonstrated that, but for the misinformation about the term of the post-release control, his plea would not have been tendered. Prejudice cannot be shown when the maximum sentence of life in prison is inherently longer than any possible term for post-release control. Since the trial court substantially complied with Crim R. 11 by informing Easter of his maximum possible life sentence, and partially complied with the obligation to inform him of possible post-release control obligations, we conclude that Easter's plea is not tainted by the misinformation. We do agree with the State that the error should be corrected by a new sentencing hearing.

{¶ 13} The First Assignment of Error is overruled.

## III. The Trial Court Erred by Failing to Determine Easter's Ability to Pay Before Ordering Payment of Court-Appointed Counsel Fees

{¶ 14} For his Second Assignment of Error, Easter asserts:

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY

COURT-APPOINTED COUNSEL FEES.

**{¶ 15}** Easter argues that the portion of his sentence imposing court-appointed counsel fees must be vacated, because no finding of his ability to pay the fees was made, as required by statute. R.C. 2941.51(D) provides: "If the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." We have held that for any imposition of court-appointed counsel fees to be proper, the trial court must first "consider [the defendant's] ability-to-pay and the amount thereof," and notify the defendant of the imposition at sentencing. *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804, ¶ 3 (2d Dist.)*; State v. Hudson,* 2d Dist. Clark No. 2011-CA-100, 2014-Ohio-1977*; State v. Breneman,* 2d Dist. Champaign No. 2013-CA-15, 2014-Ohio-1102*.*

**{¶ 16}** We have also held that court-appointed counsel fees are not directly enforceable as a criminal sanction, and cannot be taxed as costs. *Springs* at ¶ 3. *See also State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 18–20 (holding that imposing the fees of court-appointed counsel as costs is plain error, as they are only collectable through a separate civil action).

**{¶ 17}** The State concedes that the trial court erred when it required Easter to pay court-appointed counsel fees without both informing him of this requirement at sentencing and determining his ability to pay. We agree that an error occurred when an order to pay court-appointed counsel fees was included in the final judgment entry, without first making a finding that Easter had the ability to pay or could reasonably be expected to have the ability to pay the fees, and without providing notification of the imposition of those fees at

the sentencing hearing.

{¶ 18} Because the trial court erred in ordering Easter to pay court-appointed counsel fees without the requisite notice and ability-to-pay determinations, Easter's Second Assignment of Error is sustained, and the portion of the judgment ordering Easter to reimburse appointed counsel fees is Vacated.

## IV. Conclusion

{¶ 19} The Second Assignment of Error having been sustained, that part of the judgment of the trial court requiring Easter to pay court-appointed counsel fees is Reversed and Vacated. Because of the error in the sentencing hearing involving post-release control, which the State concedes, this cause is Remanded for the limited purpose of a new sentencing to properly impose post-release control. In all other respects, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Richard Hempfling
Hon. Richard J. O'Neill