[Cite as *State v. Arnold*, 2017-Ohio-1384.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27218 |
| | : | |
| v. | : | T.C. NO. 15-CR-2916 |
| | : | |
| ZANE B. ARNOLD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___14th___ day of _____April_____, 2017.

· · · · · · · · · ·

HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
         Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FROELICH, J.

{¶ 1} Zane B. Arnold was found guilty on his guilty pleas of possession of cocaine (27g but less than 100g), a felony of the first degree; possession of heroin (10g but less than 50g), a felony of the second degree; and aggravated possession of drugs (5x bulk but less than 50x bulk), also a felony of the second degree.   He was sentenced to a five-

year mandatory term on each offense, to be served concurrently. The court also suspended Arnold's driver's license for five years, ordered him to pay court costs, and imposed mandatory terms of post-release control. Arnold appeals, arguing that the court should have imposed a three-year sentence.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} On September 25, 2015, Arnold was indicted for possession of cocaine, possession of heroin, and two counts of aggravated possession of drugs (methamphetamine and fentanyl). He pled not guilty and filed a motion to suppress, which was overruled after a hearing. On July 14, 2016, Arnold pled guilty to possession of cocaine, possession of heroin, and aggravated possession of drugs (methamphetamine), as charged in the indictment; the fourth count, aggravated possession of drugs (fentanyl), was dismissed. The range of potential sentences for possession of cocaine, a felony of the first degree, was three to eleven years, and for the other offenses (felonies of the second degree), it was two to eight years. However, the parties agreed that Arnold would receive a prison sentence to "be capped at a maximum of five years." After a presentence investigation, the court imposed a five-year sentence on each count, to be served concurrently, along with other sanctions described above.

{¶ 4} As a preliminary matter, we must address whether Arnold may assign his sentence as error, where the sentence was an agreed sentence. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In accordance with R.C. 2953.08(D), we have held that agreed sentences are not

reviewable on appeal. *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13; *State v. Turner,* 2d Dist. Montgomery No. 24421, 2011-Ohio-6714. We have also held that a sentence within a jointly-recommended range is a jointly-recommended sentence for purposes of R.C. 2953.08. *State v. Chattams,* 2d Dist. Montgomery No. 26151, 2015-Ohio-453, ¶ 5, citing *DeWitt* at ¶ 13-15; *cf. State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, fn. 2. An agreement to "cap" a sentence is analogous to an agreement to impose a sentence within an agreed range, for purposes of R.C. 2953.08.

{¶ 5} Arnold concedes that his sentence was authorized by law. The prison terms were within the statutory ranges for felonies of the first and second degree, and were "not contrary to law"; mandatory prison time was required. He also does not dispute that the sentence imposed by the trial judge was within the jointly-recommended range. Accordingly, Arnold's agreed-upon sentence is not reviewable on appeal. *Dewitt* at ¶ 15; *Turner* at ¶ 33.

{¶ 6} The assignment of error is overruled.

{¶ 7} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Heather N. Jans
David R. Miles
Hon. Mary L. Wiseman