[Cite as *State v. Irwin-Debraux*, 2020-Ohio-4591.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28689 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3580 |
| | : | |
| ALYSSA IRWIN-DEBRAUX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2020.

. . . . . . . . . .

MATHIAS H. HECK JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Alyssa Irwin-Debraux appeals from the trial court's amended judgment entry following a remand for resentencing to address the absence of consecutive-sentence findings.

{¶ 2} Irwin-Debraux's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. Appointed appellate counsel notes that the trial court made the required consecutive-sentence findings on remand, and counsel states that he sees no other potential issues. We notified Irwin-Debraux of the *Anders* filing and invited her to file her own brief. Irwin-Debraux responded with two pro se filings in which she claims her sentence is contrary to law and cites various reasons why she believes an aggregate 13-year prison term is improper. In response, the State maintains that Irwin-Debraux's sentence is not contrary to law and that the trial court made all required consecutive-sentence findings.

{¶ 3} The record reflects that Irwin-Debraux pled guilty to charges of involuntary manslaughter, grand theft of a motor vehicle, and failure to comply with an order or signal of a police officer. The charges involved Irwin-Debraux stealing a vehicle and leading police on a high-speed chase on State Route 741 while she was under the influence of illicit substances. During the pursuit, a motorist trying to avoid a head-on collision with Irwin-Debraux struck another vehicle, which spun through an intersection and was hit by a police cruiser. The collision killed the driver of the vehicle hit by the cruiser. The officer involved in that collision was injured but survived. Following Irwin-Debraux's guilty plea, the trial court imposed three consecutive prison terms totaling 13 years. The trial court

did not make any findings for consecutive sentences.

{¶ 4} On appeal, we observed that Irwin-Debraux was required by statute to serve her sentence for failure to comply with an order or signal of a police officer consecutively to her other two sentences. Therefore, no consecutive-sentence findings under R.C. 2929.14(C)(4) were required for the trial court to impose a consecutive sentence for the failure-to-comply conviction. We noted, however, that findings under R.C. 2929.14(C)(4) were required for the trial court to order consecutive service of the prison sentences it imposed for involuntary manslaughter and grand theft of a motor vehicle. Because the trial court made no consecutive-sentence findings, we remanded for resentencing consistent with our opinion. *See State v. Irwin-Debraux*, 2d Dist. Montgomery No. 28309, 2019-Ohio-5013, ¶ 9-13.

{¶ 5} On remand, the trial court held another sentencing hearing at which it re-imposed the same sentences it originally had imposed. The trial court also made the following findings for consecutive sentences under R.C. 2929.14(C)(4):

> I specifically find that consecutive sentences are necessary to punish the offender. And that consecutive sentences are not disproportionate to the seriousness of Ms. Irwin-Debraux, [sic] and to the danger she poses to the public. And at least two of the multiple offenses were committed as part of one, or more, course of conduct by the Defendant. And the harm caused by two, or more, of the multiple offenses was so great and unusual that no single prison term can adequately reflect the seriousness of the defendant's conduct.

(January 6, 2020 Resentencing Tr. at 4.)

{¶ 6} The trial court subsequently filed an amended judgment entry in which it re-imposed Irwin-Debraux's sentence. The amended judgment entry includes the following consecutive-sentence findings:

> The Court finds that consecutive sentencing is necessary to punish Defendant. Consecutive sentencing is not disproportionate to the seriousness of Defendant's conduct and to the danger Defendant poses to the public. At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term can adequately reflect the seriousness of Defendant's conduct.

(January 7, 2020 Amended Judgment Entry at 2.)

{¶ 7} Upon review, we agree with appointed appellate counsel that the trial court made all required consecutive-sentence findings under R.C. 2929.14(C)(4) and that Irwin-Debraux's consecutive sentences are not contrary to law. In the portion of the resentencing transcript quoted above, the trial court apparently omitted the word "conduct." Regardless, when the passage is read in context, it is clear to us that the trial court was making a finding under R.C. 2929.14(C)(4), as reflected in the trial court's amended judgment entry. We note too that the trial court was not obligated to impose concurrent sentences on remand. When a trial court imposes consecutive sentences without making the required statutory findings, a remand is needed for the court "to consider whether consecutive sentences are permitted under R.C. 2929.14(C)(4) based on evidence that is properly before it and to make, or not make, the appropriate findings." *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257, ¶ 20 (2d Dist.). Therefore, the trial court

did not err in making findings under R.C. 2929.14(C)(4) on remand. In this appeal of the very limited issue of consecutive sentence imposition, an argument that consecutive sentences are contrary to law is frivolous.

{¶ 8} We also see no potential issue about whether the record clearly and convincingly fails to support the trial court's consecutive-sentence findings, as would be required to vacate or modify Irwin-Debraux's sentence under R.C. 2953.08(G)(2)(a). At the original sentencing hearing, the trial court noted that Irwin-Debraux was under the influence of multiple illegal substances when she fled from police in a stolen vehicle at speeds of 60 to 80 miles per hour on State Route 741. The trial court disbelieved her claim that she stole the vehicle to escape from an attempted rape. The trial court noted that Irwin-Debraux stole the vehicle approximately two hours before the accident, suggesting that she was not in the process of fleeing from an attempted sexual assault. The trial court also reasoned that a person fleeing from an attempted rape would stop and seek assistance from police, not attempt to evade them. The trial court additionally heard a statement about how the loss of the deceased victim had changed the lives of surviving family members. The trial court indicated that it also had reviewed letters from the victim's family members expressing how dramatically their lives had been changed. Finally, the trial court rejected Irwin-Debraux's suggestion that she did not "directly" cause the victim's death. (February 7, 2019 Sentencing Tr. at 8-11.) We note too that the trial court reviewed a presentence-investigation report that detailed Irwin-Debraux's reckless driving and included her admission to being under the influence of methamphetamine, crack cocaine, and marijuana. The PSI report also contained victim-impact statements and the letters the trial court reviewed. Although the PSI report reflected that Irwin-

Debraux had no prior criminal convictions, the trial court's consecutive-sentence findings in this case did not rely on the existence of a criminal history. We see no non-frivolous argument as to whether the record clearly and convincingly fails to support the trial court's imposition of consecutive sentences. To the contrary, the record before us fully supports the trial court's sentencing decision.

{¶ 9} In her pro se filings, Irwin-Debraux suggests that consecutive sentences were not warranted because the officers who pursued her violated their own policies by engaging in a high-speed pursuit in a residential area during rush hour. Irwin-Debraux claims that she did not kill anyone, and she attributes the fatal accident to the officers' actions. She also claims that she was under the influence of illegal drugs because needed medications had been taken away from her by her mother. Finally, she cites the fact that she was 18 years old at the time of the accident.

{¶ 10} Upon review, we find Irwin-Debraux's arguments to be unpersuasive. The record contains no information about whether the pursuing officers violated departmental policy. In any event, we note that she pled guilty to involuntary manslaughter which, by its terms, included an admission that she caused the death of another as a proximate result of her violation of the offense of failure to comply with the order or signal of a police officer. Because of that guilty plea, the trial court reasonably found Irwin-Debraux responsible for causing the victim's death as a result of her own actions and she cannot now deny responsibility for the death. The record also contains no information about Irwin-Debraux self-medicating with illegal drugs to cope with her mother taking away prescription medication that Irwin-Debraux needed to cope with mental-health issues. As for Irwin-Debraux's age, the trial court was aware of her relative youth and presumably

considered that fact.

{¶ 11} Finally, Irwin-Debraux suggests in conclusory fashion that her aggregate sentence is inconsistent with "R.C. 2929.4" (which we presume is a reference to R.C. 2929.41), R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13. We see no non-frivolous issue. Our remand was for the limited purpose of giving the trial court an opportunity to make consecutive-sentence findings under R.C. 2929.14(C)(4). The only issue properly before us involves the trial court's consecutive-sentence findings. Res judicata precludes Irwin-Debraux from raising other issues in this appeal, including whether her sentence is inconsistent with other statutes. We note too that Irwin-Debraux actually raised an argument based on R.C. 2929.11 in her first appeal. We addressed the statute there and rejected her argument. *See Irwin-Debraux,* 2d Dist. Montgomery No. 28309, 2019-Ohio-5013, at ¶ 15-20.

{¶ 12} In any event, under R.C. 2929.41(A), prison terms are to be served concurrently except as provided in other statutes, including R.C. 2929.14(C)(4). Here the trial court made the requisite findings under R.C. 2929.14(C)(4). Therefore, it was not required to impose concurrent prison terms. The next statute, R.C. 2929.11, sets forth the purposes of felony sentencing, and R.C. 2929.12 identifies various "seriousness" and "recidivism" factors for a trial court to consider. We see no non-frivolous issue for appeal under either statute. The last statute, R.C. 2929.13, provides guidelines for specific offenses and degrees of offenses. Irwin-Debraux has not attempted to identify how she believes it was violated, and we see no non-frivolous issue for appeal.

{¶ 13} Pursuant to our responsibility under *Anders*, we independently have examined the record for potential issues and have found none. Accordingly, the judgment

of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Adam J. Arnold
Alyssa Irwin-Debraux
Hon. Michael W. Krumholtz