**[Cite as *State v. McElroy*, 2021-Ohio-4026.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28974 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1612 |
| | : | |
| FERDINAND M. MCELROY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of November, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Ferdinand M. McElroy appeals from his convictions for aggravated robbery, felonious assault, and failure to comply with the order or signal of a police officer. McElroy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that counsel cannot identify any potentially meritorious assignments of error. Counsel has also sought to withdraw his representation. On August 3, 2021, we notified McElroy of the filing of the *Anders* brief and provided him with 60 days to file a pro se brief, but McElroy has not filed such a brief. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.      Facts and Procedural History

{¶ 2} An argument about a parking spot turned into a shooting and an armed robbery.   On June 8, 2020, McElroy was charged in an eight-count indictment for the following: Count One – aggravated robbery, a felony of the first degree; Counts Two through Seven – felonious assault, felonies of the second degree; and Count Eight – failure to comply with the order or signal of a police officer, a felony of the third degree. Firearm specifications attached to Counts One through Seven.

{¶ 3} McElroy filed a motion to suppress on July 6, 2020. McElroy sought to have statements he made to officers excluded from trial, and he also wanted pretrial identifications excluded, maintaining that photo arrays used by Dayton Police were unduly suggestive. A hearing on the matter was held on August 7, 2020, and the trial court overruled the motion on October 1, 2020.

{¶ 4} On September 4, 2020, in between the suppression hearing and its decision on the motion, the trial court ordered that McElroy undergo competency and sanity

evaluations. On September 29, 2020, McElroy entered a plea of not guilty by reason of insanity (NGRI). On November 12, 2020, after reviewing the reports from the doctors who evaluated McElroy, the court found him competent to stand trial, and the NGRI plea was withdrawn.

{¶ 5} On November 12, 2020, the parties entered into a written plea agreement in which McElroy agreed to plead guilty to aggravated robbery (with a firearm specification), two counts of felonious assault, and failure to comply. In exchange, the State dismissed the remaining four felonious assault counts. The agreement also included a recommended sentencing range of seven to eighteen years. The court ordered a presentence investigation.

{¶ 6} McElroy was sentenced on November 30, 2020 - Count One: aggravated robbery – a mandatory minimum sentence of four years and a maximum of six years, plus a mandatory three-year term on the firearm specification to be served consecutively to and prior to the four to six-year term on the aggravated robbery; Counts Three and Seven: felonious assault – eight years on each to be served concurrently to each other and concurrently to Count One; Count Eight: failure to comply – two years to be served consecutively to Counts One, Three and Seven. Altogether, McElroy was sentenced to a minimum of 13 years and a maximum of 15 years in prison. He was also subject to a driver's license suspension. The trial court then waived costs and notified McElroy of the applicable periods of post-release control.

{¶ 7} McElroy filed his notice of appeal on December 3, 2020, and on July 27, 2021, appellate counsel filed an *Anders* brief. Counsel raised four potential assignments of error but concluded that they lack merit.

## II.   *Anders* Analysis

{¶ 8} When an *Anders* brief is filed, the appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant (if a pro se brief is filed), or found through an independent analysis – is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7. We have reviewed the entire record and will specifically address the following important aspects of the case.

Motion to Suppress

{¶ 9} McElroy filed a motion to suppress in July 2020, and an evidentiary hearing was held on the matter about a month later. He sought to have statements and witness identifications excluded from trial. The trial court overruled the motion in October 2020.

{¶ 10} A guilty plea is a complete admission of the facts set forth in the indictment. A defendant who pleads guilty waives any potential error prior to the plea, unless such errors prevented him from knowingly, intelligently, and voluntarily entering into it. *State v. Portis*, 2d Dist. Clark No. 2013-CA-53, 2014-Ohio-3641, ¶ 8.

{¶ 11} There is nothing in the record that would suggest McElroy's unsuccessful suppression motion caused him to enter into his guilty plea in an involuntary manner. As a result, he waived any error in the decision overruling the motion.

Competency

{¶ 12} Prior to the plea, the trial court ordered two different exams to determine McElroy's competency. Both exams, which were stipulated to by the parties and accepted by the trial court, opined that McElroy was competent to stand trial. Further, during the plea colloquy, the trial court addressed McElroy and inquired whether he had any "mental or physical difficulty that would make it hard for you to understand [the proceedings]?" McElroy answered in the negative.

{¶ 13} Given the evidence before the trial court in the two evaluations declaring McElroy competent, the stipulation to the report from both parties, the presumption of competence found in R.C. 2945.37(G), and his answers in the plea colloquy, there was no error in finding McElroy competent. Competency did not impact McElroy's ability to enter his guilty plea in a knowing, intelligent, and voluntary manner either. Any argument to the contrary would be frivolous.

Plea Hearing

{¶ 14} "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶ 15} Crim.R. 11(C)(2) dictates that a trial court may not accept a guilty plea without personally addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 16} Strict compliance with the constitutional advisements is necessary to demonstrate that the plea is consistent with due process. *Brown* at ¶ 9. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 17} On the other hand, a trial court must substantially comply with the notifications of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and

prejudice must be shown before a plea will be vacated. *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 18} In this case, the trial court asked about McElroy's age, education, and citizenship status, as well as confirmed that he had read and understood the plea forms. The conversation also included statements from McElroy that he was not under the influence of drugs or alcohol, that he had no mental or physical difficulty that would make it hard for him to understand the proceedings, and that he was not on community control sanctions, probation, or post-release control. He stated he was voluntarily pleading guilty.

{¶ 19} The court then informed him of the possible financial sanctions and explained that he was facing a mandatory prison term on the aggravated robbery charge. The court also explained to McElroy the details of the Reagan Tokes Act and how it applied to the case. For example, the trial court noted that he would be facing a set minimum term and a corresponding maximum term. It then explained that there would be a rebuttable presumption that he would be released at the completion of the minimum term. McElroy was also informed that five years of post-release control was mandatory on that count, that he was ineligible for community control, and that the mandatory three-year firearm specification must be served prior and consecutively to the aggravated robbery sentence.

{¶ 20} The trial court went through an equally detailed run down for the felonious assault and failure to comply counts. Importantly, the court noted that by statute, the

failure to comply sentence must be served consecutively to all the other sentences and that there would be a license suspension. The court then made sure that McElroy understood the effect of his guilty plea and the loss of the right to appeal pretrial rulings, that his plea was a complete admission of guilt, and that the court would proceed to a judgment of guilt and set a sentencing date.

{¶ 21} We conclude that the trial court substantially complied with explaining Crim.R. 11(C)'s non-constitutional advisements. The record also indicates that the court strictly complied with the constitutional considerations. McElroy was informed that he had the right to trial by a jury of 12 persons, that the prosecutor must prove guilt beyond a reasonable doubt, that he would have the right to confront adverse witnesses and have his attorney cross examine them under oath. Similarly, the court explained to McElroy that he had the right to call his own witnesses, that he could not be forced to testify against himself, and that that decision could not be held against him. After the court explained the constitutional rights he would be giving up, McElroy asserted that he understood.

{¶ 22} The trial court complied with all the requirements of Crim.R. 11(C), and we find no arguable error in the plea hearing. McElroy's plea was made knowingly, intelligently, and voluntarily.

Sentencing Hearing

As part of his plea, McElroy agreed to a prison term range of seven to eighteen years. Generally, agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State*

*v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 31-32. We have previously held that an agreed-upon sentencing range qualifies as a jointly recommended sentence. *State v. Arnold*, 2d Dist. Montgomery No. 27218, 2017-Ohio-1384, ¶ 4.

**{¶ 23}** In this context, a sentence is authorized by law if it comports with all the mandatory sentencing provisions such as the proper imposition of post-release control, making, if applicable, the necessary consecutive sentence findings, and ordering the merger of allied offenses. *State v. Smith*, 2d Dist. Montgomery Nos. 28209, 28210, 28211, 2020-Ohio-2854, ¶ 8.

**{¶ 24}** In McElroy's case, the trial court imposed a mandatory five-year post-release control term befitting aggravated robbery, a felony of the first the degree, and advised him that he would face a mandatory three years of post-release control for the felonious assault convictions. The court did not need to make consecutive sentence findings because the consecutive term was statutory. *See State v. Irwin-Debraux*, 2d Dist. Montgomery No. 28689, 2020-Ohio-4591, ¶ 4. McElroy was also informed that his failure to comply conviction triggered a mandatory driver license suspension. Finally, because there were no allied offenses, the court had no need to merge any sentences. Having determined that the sentence was authorized by law, there is no need to go further in the analysis as McElroy's agreed sentence is not reviewable. We find no arguably meritorious claims related to McElroy's sentence.

<u>Independent Review</u>

**{¶ 25}** In addition to reviewing appellate counsel's potential assignments of error, we have performed our duty under *Anders* to conduct an independent review of the record and have found no issues with arguable merit to advance on appeal.

## III.    Conclusion

{¶ 26} Having thoroughly reviewed the entire record, we find no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted, and the judgment of the Montgomery County Court of Common Pleas will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Charles M. Blue
Hon. Mary Katherine Huffman