[Cite as *State v. Harsh*, 2022-Ohio-1962.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29337 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-859 |
| | : | |
| ROBERT T. HARSH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

DAVID J. FIERST, Atty. Reg. No. 0043954, 10286 Clyo Road, Dayton, Ohio 45458
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert T. Harsh appeals his conviction for aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree. Harsh filed a timely notice of appeal on December 16, 2021.

{¶ 2} On April 9, 2021, Harsh was indicted for one count aggravated possession of drugs (methamphetamine). At his arraignment on May 25, 2021, Harsh stood mute, and the trial court entered a plea of not guilty on his behalf. On July 14, 2021, Harsh filed a motion for intervention in lieu of conviction (ILC). The trial court scheduled a hearing on the ILC report for August 4, 2021. Harsh has not provided us with the transcript of the ILC hearing or the ILC report. The trial court specifically stated in its judgment entry that Harsh had waived a presentence investigation and that an ILC report had been completed in which Harsh was *not* granted ILC supervision.

{¶ 3} On August 3, 2021, Harsh filed a plea of not guilty by reason of insanity and a motion for an evaluation of his mental competency. On August 5, 2021, the trial court issued an order for a mental competency evaluation and sanity evaluation for Harsh. On September 23, 2021, the trial court issued an order for an in-patient competency and sanity evaluation of Harsh, and a hearing with respect to the evaluations was scheduled for November 24, 2021.

{¶ 4} Just prior to the forensic hearing on November 24, 2021, the State offered Harsh a plea deal that if he pled guilty to the charged offense, the State would recommend that he be sentenced to six months of imprisonment, to be served concurrently with a sentence for separate convictions in Warren County, thereby resulting in the same

release date from prison.[1]   Appointed counsel attempted to discuss the plea deal with Harsh, who then informed the trial court that he wanted to fire his counsel.

{¶ 5} Harsh initially accepted the deal offered by the State to plead guilty to aggravated possession of drugs.   When the trial court informed Harsh that it intended to sentence him according to the terms of the plea deal, Harsh withdrew his motion for a competency hearing, and the trial court proceeded to the Crim.R. 11 plea colloquy. However, when the trial court advised Harsh that a guilty plea was a complete admission of guilt and that, by entering such a plea, he gave up his right to contest any pretrial rulings, Harsh claimed he was innocent and refused to plead guilty.   Harsh also claimed that his appointed counsel had failed to obtain and provide relevant discovery to him. Based upon Harsh's statements, the trial court decided not to continue and concluded the unsuccessful plea hearing.   After the hearing, appointed counsel filed a motion to withdraw from further representation of Harsh, which the trial court granted.   New counsel was appointed for Harsh on November 24, 2021.

{¶ 6} On December 8, 2021, Harsh's newly appointed counsel advised the trial court that Harsh wanted to plead guilty pursuant to the original plea agreement offered by the State.   The trial court personally addressed Harsh, who stated that he had

---

[1] Records from Warren County establish that on October 10, 2021, Harsh was convicted of one count of failure to comply with the order or signal of a police officer, a felony of the third degree, and one count obstructing official business, a felony of the fifth degree.   *See* Warren C.P. Case No. 2021-CR-38095.   Harsh was sentenced to two years in prison for failure to comply and to six months for obstructing official business.   The trial court ordered the sentences to be served consecutively for an aggregate sentence of two and one-half years in prison.   Under established law, we may take judicial notice of records and judicial opinions that can be accessed on the Internet. *Worthington v. Admr., BWC.*, 2021-Ohio-978, 169 N.E.3d 735, ¶ 11, fn. 2 (2d Dist.)

discussed the plea deal at length with his attorney and wished to move forward with his guilty plea.

{¶ 7} The trial court conducted a thorough plea hearing pursuant to Crim.R. 11(C)(2). The trial court personally addressed Harsh, verified that he was a citizen of the United States, that he could read and understand English, and that he could understand the plea form. The trial court advised Harsh of the maximum penalties he faced as a result of pleading guilty to the aggravated possession offense. The trial court informed Harsh of the potential for post-release control sanctions and the potential suspension of his driver's license. The trial court also advised Harsh that while he was eligible for community control sanctions, the trial court was not going to impose community control based upon the terms of the plea agreement offered by the State.

{¶ 8} The trial court reviewed all of the constitutional rights that Harsh was waiving by entering a guilty plea, and Harsh affirmatively stated that he understood and was voluntarily pleading guilty. Before Harsh signed the plea form, the trial court confirmed that he understood the charge to which he was pleading guilty and that he admitted to the truth of the facts as alleged by the State. Harsh responded affirmatively in all respects. Thereafter, the trial court found that Harsh had entered his guilty plea in a knowing, intelligent, and voluntary fashion and accepted his plea. As previously stated, Harsh waived his right to a PSI report, and the trial court sentenced him to six months in prison for aggravated possession of drugs, to be served concurrently to his sentence in Warren C.P. No. 2021-CR-38095. The trial court also granted Harsh 21 days of jail time credit.

{¶ 9} Harsh appeals, raising one assignment of error:

THE TRIAL COURT DID NOT ESTABLISH ON THE RECORD [THAT] APPELLANT ROBERT HARSH POSSESSED THE MENTAL CAPACITY TO UNDERSTAND THE PROCESS OF KNOWINGLY AND VOLUNTARILY WAIVING HIS CONSTITUTIONAL RIGHTS.

{¶ 10} Harsh contends that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to resolve his pretrial competency and sanity motions and his plea of not guilty by reason of insanity (NGRI).

## Plea Hearing

{¶ 11} "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶ 12} Crim.R. 11(C)(2) dictates that a trial court may not accept a guilty plea without personally addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶ 13}** Strict compliance with the constitutional advisements is necessary to demonstrate that the plea is consistent with due process. *Brown* at ¶ 9. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

**{¶ 14}** Conversely, a trial court must substantially comply with the notifications of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and prejudice must be shown before a plea will be vacated. *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 15}** "Furthermore, when non-constitutional rights are at issue, a defendant who

challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *State v. Jennings*, 2d Dist. Clark No. 2013-CA-60, 2014-Ohio-2307, ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

{¶ 16} The record establishes that the trial court conducted a thorough plea hearing pursuant to Crim.R. 11(C)(2). The trial court personally addressed Harsh and verified that he was a citizen of the United States, that he could read and understand English, and that he could understand the plea form. The trial court advised Harsh of the maximum penalties he faced as a result of pleading guilty. The trial court informed Harsh of the potential for post-release control sanctions and the potential suspension of his driver's license for a period of at least six months to a maximum of five years. The trial court also advised Harsh that, although he was eligible for community control sanctions, the trial court was not going to impose community control based upon the terms of the plea agreement offered by the State.

{¶ 17} Furthermore, the trial court reviewed all of the constitutional rights that Harsh was waiving by entering a guilty plea, and Harsh affirmatively stated that he understood and was voluntarily pleading guilty. Those constitutional rights included: Harsh's right to a jury composed of 12 people, that the State prove him guilty beyond a reasonable doubt, his right to confront witnesses against him, his right to compulsory process, and his right to not testify on his own behalf. Before Harsh signed the plea form, the trial court confirmed that he understood the charge to which he was pleading

guilty and that he admitted the truth of the facts alleged by the State. The trial court also advised him that, by pleading guilty, he was making a complete admission of his guilt, which Harsh stated that he understood. The record establishes that Harsh responded affirmatively to the trial court's inquiries in all respects. Significantly, the trial court informed him that he was waiving the right to appeal any pretrial rulings by pleading guilty, which Harsh also acknowledged. Thereafter, the trial court found that Harsh had entered his guilty plea in a knowing, intelligent, and voluntary fashion and accepted his guilty plea.

### Competency/Sanity

{¶ 18} Initially, we note that Harsh waived his competency/sanity arguments because his "guilty plea constituted an implied admission of sanity, and the trial court's acceptance of the plea was an affirmation of its belief in [his] sanity." *State v. Pepper*, 2d Dist. Miami No. 2013-CA-6, 2014-Ohio-3841, ¶ 6, citing *State v. Fore*, 18 Ohio App.2d 264, 248 N.E.2d 633 (4th Dist.1969). Therefore, "issues of competency as they relate to a defense to criminal charges are waived by a plea of guilty." *State v. Denton*, 2d Dist. Montgomery No. 11376, 1989 WL 159195, *6 (Dec. 29, 1989). "Pleas of guilty or nolo contendere waive all issues of fact and allow the court to go forward on the basis of the record, resting on the presumption of competence created by the law." *Id*.

{¶ 19} In support of his argument that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to resolve his pretrial competency and sanity motions and his plea of NGRI, Harsh cites our recent decision in *State v. McElroy*, 2d Dist. Montgomery No. 28974, 2021-Ohio-4026. In *McElroy*, the defendant filed an appellate brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967), asserting that counsel could not identify any potentially meritorious assignments of error. Prior to McElroy's plea, the trial court had ordered two competency evaluations, both of which opined that he was competent to stand trial. Thus, the trial court found that McElroy was competent, and the parties stipulated to the competency evaluations at the plea hearing. *Id.* at ¶ 13. "Given the evidence before the trial court in the two evaluations declaring McElroy competent, the stipulation to the report from both parties, the presumption of competence found in R.C. 2945.37(G), and his answers in the plea colloquy," we found that there was no error in finding McElroy competent. *Id.* *McElroy* does not stand for the proposition that the trial court was required to resolve Harsh's pretrial competency and sanity motions and his plea of NGRI before finding that his guilty plea was knowing, intelligent, and voluntary, and Harsh's reliance on that case is misplaced.

{¶ 20} A defendant is presumed competent unless it is proven by a preponderance of the evidence that, because of his present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his own defense. R.C. 2945.37(G); *see also State v. Saini*, 2d Dist. Greene No. 2013-CA-36, 2014-Ohio-5582, ¶ 16. In *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Supreme Court stated that the test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding against him."

{¶ 21} In Harsh's case, the record establishes that Harsh had a rational

understanding of the plea proceedings and the charge against him.   Harsh consulted his counsel frequently and asked the trial court thoughtful questions regarding the plea proceedings.   At no point during the plea hearing did Harsh indicate that he lacked the capacity to understand the nature of the proceedings or the implications of his guilty plea. We also note that Harsh had previously withdrawn his motion for a competency evaluation at the first plea hearing on November 24, 2021.   Our review of the plea-hearing transcript reflects that Harsh's guilty plea was knowing, intelligent, and voluntary.   As previously stated, Harsh's guilty plea constituted an implied admission of sanity, and the trial court's acceptance of the plea was an affirmation of its belief in Harsh's sanity. *Pepper* at ¶ 6. Finally, with regard to Harsh's competence to stand trial, "issues of competency as they relate to a defense to criminal charges are waived by a plea of guilty." *Denton* at *6.

{¶ 22} Harsh's sole assignment of error is overruled.

{¶ 23} Harsh's assignment having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
David J. Fierst
Hon. Dennis J. Adkins